UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL J. SHEPHERD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 1:11-cv-759-RLY-DML |
| ) | |
| ALAN FINNAN, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Michael Shepherd for a writ of habeas corpus must be **denied** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**I. Background**

Shepherd was convicted in an Indiana state court of dealing in cocaine and possession of cocaine. He was also found to be an habitual offender under Indiana law and sentenced accordingly. These convictions arose out of his role in a controlled buy of cocaine. Shepherd's convictions were affirmed on appeal in *Shepherd v. State,* No. 70A01-0504-CR-166 (Ind.Ct.App. 2006) (*Shepherd I*). Shepherd's petition for transfer was denied on March 16, 2006.

The trial court granted in part Shepherd's petition for post-conviction relief, finding that trial counsel provided ineffective assistance by failing to assert that Shepherd was within 1,000 feet of a park at the suggestion of a law enforcement officer. The post-conviction court reduced Shepherd's class A felony conviction to a class B felony conviction, his class B felony conviction to a class D felony conviction and remanded for resentencing. Shepherd was then

resentenced to a term of eighteen years for his class B felony dealing in cocaine conviction, which was enhanced by 25 years because he is a habitual offender and a concurrent term of two years for his class D felony possession of cocaine conviction.

Shepherd separately appealed the denial of post-conviction relief and resentencing. On appeal of partial denial of post-conviction relief, the Indiana Court of Appeals determined that there was an actual conflict of interest that adversely effected counsel's performance as to Shepherd's possession of cocaine conviction. In doing so, the Indiana Court of Appeals reversed the post-conviction court as to this issue on the possession of cocaine conviction and remanded with instructions to vacate the possession of cocaine conviction. The Indiana Court of Appeals affirmed the partial denial of post-conviction relief in all other respects. *Shepherd v. State*, 924 N.E.2d 1274 (Ind.Ct.App. Apr. 14, 2010) (*Shepherd II*). Shepherd's petition for transfer was denied by the Indiana Supreme Court on June 24, 2010. On appeal of resentencing, the Indiana Court of Appeals affirmed the trial court's resentencing order. *Shepherd v. State,* No. 70A01-0911-CR-529 (Ind.Ct.App. 2010). (*Shepherd III*). Shepherd did not seek transfer.

In *Shepherd II*, the Indiana Court of Appeals set forth the facts regarding Shepherd's conviction as follows:

> On August 11, 2004, Rush County Sheriff's Department Detective Joseph Jarman was contacted by Mary Jane Smiley, who indicated a willingness to make a controlled buy of cocaine from Shepherd. Smiley subsequently arranged the deal by telling Shepherd that she "had hooked up with somebody" and "needed an eight ball." After Shepherd agreed to obtain the drugs, Smiley met with Detective Jarman who provided purchase money, which Smiley gave to Shepherd before he drove to Indianapolis. Smiley told Shepherd that she would be waiting at the Rushville Holiday Inn Express, and would call him later with the room number.
>
> After Shepherd left for Indianapolis, Smiley met Detective Jarman at the Holiday Inn, as he had arranged. Detective Jarman provided money for the rental of two adjacent rooms, 120 and 122. Although Detective Jarman knew that the crime would be more serious if committed within 1,000 feet of a public park, he testified that he did not choose the location for its proximity to a local park,

>approximately 850 feet from the hotel rooms. Once the rooms were acquired, Smiley called Shepherd and told him to meet her in room 122.
>
>When Shepherd arrived at the hotel room, he gave Smiley a small plastic bag of cocaine. She handed it to Detective Jarman, who then asked Shepherd if he could obtain more cocaine. Shepherd responded affirmatively. He was arrested, and a search of the car he had driven to Indianapolis revealed a cigarette package containing cocaine. Later tests indicated that Shepherd had provided Smiley with 1.53 grams of cocaine, and that .68 grams of cocaine were in the cigarette carton.

*Shepherd II*, 924 N.E.2d at 1277-78 (citations and footnote omitted).

Shepherd now seeks a writ of habeas corpus. Shepherd claims that: (i) trial counsel was ineffective as to a conflict of interest issue; (ii) trial counsel and appellate counsel were ineffective for failing to properly raise a challenge to Shepherd's eligibility as habitual offender; (iii) he was improperly sentenced and (iv) there was a *Batson* violation when the State challenged the only African-American juror, who became the first person dismissed from the jury.

## II. Applicable Law

In the exercise of its habeas jurisdiction, a federal court may grant relief only if the petitioner shows that he is in custody "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). When a habeas petition is filed after enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) on April 24, 1996, that Act's restrictions on federal review of state court rulings apply to the case. *See Williams v. Taylor*, 529 U.S. 362 (2000); *Henderson v. Walls*, 296 F.3d 541, 545 (7th Cir. 2002).

>AEDPA provides that if a constitutional claim was adjudicated on the merits by the state courts, a federal court may only grant habeas relief based on that claim if the state court's decision was "contrary to" or an "unreasonable application of" federal law as determined by the Supreme Court of the United States, 28 U.S.C. § 2254(d)(1), or if the state court's determination of the facts was unreasonable in light of the evidence presented. *See id.* at § 2254(d)(2).

*Williams v. Davis,* 301 F.3d 625, 631 (7th Cir. 2002).

With regard to the law governing § 2254(d)(1), "contrary to" established Supreme Court precedent means "substantially different from the relevant precedent." *Boss v. Pierce,* 263 F.3d 734, 739 (7th Cir. 2001), *cert. denied*, 122 S.Ct. 1961 (2002). "For example, a state court decision applying a rule that contradicts the governing law . . . would qualify . . . [or] a decision that involves a set of facts materially indistinguishable from a Supreme Court case that arrives at a different result." *Id.* (citing *Williams v. Taylor,* 529 U.S. at 405-06).

A state court decision is an unreasonable application of federal law under § 2254(d)(2) "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor,* 529 U.S. at 413. The reasonableness of the state court's application of federal law is to be evaluated by an objective standard. *See id.* at 409-10. The Supreme Court has cautioned:

> [i]n § 2254(d)(1), Congress specifically used the word "unreasonable," and not a term like "erroneous" or "incorrect." Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 411. Furthermore, the Supreme Court recently explained,

> If [the §2254(d)] standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther.

*Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (internal citation and parenthetical citation omitted). Factual issues determined by a state court are presumed to be correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. *Werts v. Vaughn,* 228 F.3d 178, 196 (3d Cir. 2000) (*citing* 28 U.S.C. § 2254(e)(1)), *cert. denied*, 532 U.S. 980 (2001). This is a "rigorous burden of proof." *Sanchez v. Gilmore*, 189 F.3d 619, 623 (7th

Cir. 1999), *cert. denied*, 529 U.S. 1089 (2000).

**III. Discussion**

    **A. Ineffective Assistance of Counsel**

Shepherd contends that he was denied the effective assistance of counsel at trial. The Sixth Amendment right to counsel exists "in order to protect the fundamental right to a fair trial." *Strickland v. Washington,* 466 U.S. 668, 684 (1984). The purpose of the right is to ensure a fair trial, and the benchmark for judging any claim of ineffectiveness is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

To support an ineffective assistance of counsel claim under *Strickland,* Shepherd must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 695. A failure to establish either prong would result in a denial of Shepherd's claim. *See Rastafari v. Anderson,* 278 F.3d 673, 688 (7th Cir. 2001). The first prong is satisfied by a showing that counsel's performance fell below the "objective standard of reasonableness" guaranteed under the Sixth Amendment. *Barker v. United States,* 7 F.3d 629, 633 (7th Cir. 1993) (quoting *Strickland*, 466 U.S. at 688). In evaluating whether counsel's performance was deficient, "the court must defer to counsel's tactical decisions," avoid "the distorting effects of hindsight" and give counsel the benefit of a strong presumption of reasonableness. *Strickland*, 466 U.S. at 689; *Holman v. Gilmore,* 126 F.3d 876, 881-82 (7th Cir. 1997). The prejudice prong of *Strickland* requires Shepherd to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

"A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Shepherd's specific contention regarding the

representation of his trial attorney is that his counsel represented a state's witness in a different criminal matter that had been reduced to an oral plea agreement while also representing Shepherd at trial. Shepherd also claims that trial counsel failed to challenge his habitual offender status.

The Indiana Court of Appeals recognized the *Strickland* standard as controlling and did not apply a contrary standard. *Shepherd II*, at 1280. In addition, Shepherd has not rebutted by clear and convincing evidence any of the factual findings reached by the Indiana Court of Appeals in connection with the resolution of Shepherd's claim of ineffective assistance of counsel at trial. This eliminates the possibility of relief under the "contrary to" prong of § 2254(d)(1) or under § 2254(d)(2). This leaves for consideration whether Shepherd has shown that the Indiana Court of Appeals' resolution of his ineffective assistance of counsel at trial was an unreasonable application of clearly established Supreme Court precedent, which is the other prong of § 2254(d)(1).

> When faced with the task of determining whether a particular application of Supreme Court precedent is unreasonable, we have often taken a more pragmatic approach to answering the question, scrutinizing the practical operation and effect of the principles at issue in the particular facts of the case. *See, e.g., Miller v. Anderson*, 255 F.3d 455, 456-59 (7th Cir. 2001); *Redmond v. Kingston*, 240 F.3d 590, 591-92 (7th Cir. 2001); *Washington v. Smith*, 219 F.3d 620, 627-35 (7th Cir. 2000). We ask whether the decision is "at least minimally consistent with the facts and circumstances of the case" or "if it is one of several equally plausible outcomes," *Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir. 1997); *Hall v. Washington*, 106 F.3d 742, 749 (7th Cir. 1997), granting a writ of habeas corpus if the determination is "at such tension with governing U.S. Supreme Court precedents, or so inadequately supported by the record, or so arbitrary" as to be unreasonable. *Hall*, 106 F.3d at 749.

*Boss v. Pierce,* 263 F .3d 734, 741-42 (7th Cir. 2001).

Notwithstanding the deficient performance prong of *Strickland,* to prevail on these claims Shepherd must also show prejudice. This means that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

The federal constitutional right to effective assistance of counsel necessarily includes representation that is free from conflicts of interest. *Wood v. Georgia,* 450 U.S. 261, 271 (1981). To establish a violation of the Sixth Amendment due to a conflict, a defendant who failed to raise the objection at trial must demonstrate that trial counsel had an actual conflict of interest and that the conflict adversely affected counsel's performance. *Cuyler v. Sullivan,* 446 U.S. 335, 348 (1980).

The Supreme Court modified the standard for ineffective assistance of counsel based on a conflict of interest. *See Mickens v. Taylor*, 122 S. Ct. 1237 (2002). In order to prevail under the modified standard, Shepherd must establish that an actual conflict of interest adversely affected his attorney's performance. *Id.* at 1245. An actual conflict exists when an attorney actively represents incompatible interests; it is more than a "mere theoretical division of loyalties." *Id.* at 1243; *see also United States v. Pergler,* 233 F.3d 1005, 1009 (7th Cir. 2000) (an actual conflict of interest exists when a defense attorney is required to make a choice advancing his own interests to the detriment of his client's interests).

The Indiana Court of Appeals reviewed Shepherd's claim that counsel rendered ineffective assistance because there was a conflict of interest with counsel's representation of Bobbie Smiley. Smiley lived with Shepherd and his girlfriend and is the daughter of the State's main witness, Mary Jane. The Indiana Court of Appeals recognized that a conflict of interest existed. Nonetheless, it affirmed the post-conviction court's denial of the conflict of interest claim, and in doing so explained:

> trial counsel's assistance was not adversely affected because a law enforcement officer personally witnessed Shepherd sell cocaine to Mary Jane, and therefore Bobbie's testimony regarding the conversation between Shepherd and Mary Jane at the house is irrelevant. Accordingly, we affirm the post-conviction court's conclusion that Shepherd's Sixth Amendment rights were not violated with respect to Shepherd's conviction for dealing in cocaine.

*Shepherd II*, 924 N.E.2d at 1288.

The Indiana Court of Appeals surveyed Shepherd's specifications of trial counsel's representation, and in doing so recognized and reasonably applied the two-prong test of *Strickland v. Washington,* 466 U.S. 668, 684 (1984). In the circumstances of this case, this conclusion of the Indiana Court of Appeals was sound, and the supporting analysis is entirely in accord with the Supreme Court's decisions. For this reason, therefore, Shepherd is not entitled to federal habeas relief based on his claim that he was denied his Sixth Amendment right to conflict-free representation.

Shepherd also claims that trial and appellate counsel were ineffective for failing to properly raise challenges to Shepherd's eligibility as a habitual offender. The standard for judging a claim of ineffective assistance of counsel is the same for both trial and appellate lawyers. *Matire v. Wainwright,* 811 F.2d 1430, 1435 (11th Cir. 1987). The two-part *Strickland* analysis must, therefore, be applied to Shepherd's appellate counsel as well. The Indiana Court of Appeals in affirming the post-conviction court explained:

> Even though he was sentenced for a class A misdemeanor under the Texas Code, the Texas Code does not permit his felony conviction to be reduced to a misdemeanor conviction. Shepherd cannot escape the fact that he was convicted of a Texas state jail felony, which is equivalent to an Indiana class D felony. Put another way, under the plain language of the Texas Code, Shepherd could have been sentenced to a term of up to two years, which satisfies the requirement in Indiana Code Section 35–50–2–1(b) that the person "might have been imprisoned for more than one year." Therefore, his Texas "state jail felony" conviction is not equivalent to a class D felony reduced to a class A misdemeanor under Indiana Code Section 35–50–2–7(b). We conclude that Shepherd's Texas dealing in cocaine conviction may be counted toward "the total number of unrelated convictions" in Indiana Code Section 35–50–2–8(b)(3)(C). We previously determined that Shepherd's underlying dealing conviction may be counted in the total number of unrelated convictions, and consequently, the total number of Shepherd's unrelated dealing convictions exceeds one. It follows that Indiana Code Section 35–50–2–8(b) does not preclude the State from seeking to have Shepherd sentenced as a habitual offender, and from that we conclude that neither trial nor appellate counsel rendered ineffective assistance in failing to pursue a strategy based upon a subparagraph (b)(3)(C) challenge to his habitual offender

eligibility.

*Shepherd II*, 924 N.E.2d at 1286.

Because counsel cannot be said to be ineffective for failing to raise a meritless claim, trial counsel and appellate counsel were not ineffective for either omitting or failing to include certain arguments in Shepherd's habitual offender challenge. The Indiana Court of Appeals' analysis was fully in accord with controlling federal law, *i.e., Strickland,* and was not an unreasonable application of the standard for evaluating a Sixth Amendment claim of ineffective assistance of counsel.

### B. Sentencing Claim and *Batson* Challenge

Shepherd claims he was improperly sentenced and that during *voir dire* the State struck the only African-American juror in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). The respondent argues that Shepherd has procedurally defaulted these claims. In his reply, Shepherd argues that he raised the sentencing challenge during post-conviction as an independent claim and as an ineffectiveness claim. He also argues that he raised the sentencing claim in a petition to transfer.

"Before a federal court can entertain a petition for habeas corpus, a state prisoner must exhaust h[is] state remedies, presenting h[is] claims fully and fairly to the state courts." *Howard v. O'Sullivan,* 185 F.3d 721, 726 (7th Cir. 1999) (citing 28 U.S.C. ' 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel,*119 S. Ct. 1728, 1732 (1999); *Patrasso v. Nelson,* 121 F.3d 297, 301 (7th Cir. 1997)). "A state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson,* 965 F.2d 1453,

1458 (7th Cir. 1992), *cert. denied,* 508 U.S. 962 (1993).

When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (i.e., the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d at 649 (internal citations omitted). "Cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice is demonstrated by showing that the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Shepherd claims that he was improperly sentenced. The respondent argues that Shepherd procedurally defaulted this claim, but Shepherd asserts that he raised this claim in his post-conviction action. Shepherd also claims that there was a *Batson* violation when the State challenged the only African-American juror, who became the first person dismissed from the jury, but respondent asserts that Shepherd procedurally defaulted as to this claim as well.

Shepherd argues that his sentencing claim was raised independently and under the umbrella of ineffective assistance of counsel at trial and on appeal and in doing so, he fairly presented his federal claim to the Indiana state courts. He also argues that he included his sentencing claim in a petition to transfer. However, Shepherd's sentencing challenges were only presented as ineffective assistance of counsel claims at post-conviction. In addition, Shepherd did not seek transfer following his appeal from the trial court's order resentencing him following post-conviction. As explained by the Seventh Circuit:

> "[A] prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort" has not "*properly* presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1

(1999). This failure results in a procedural default that precludes federal review. *Id.; see also Wilson*, 243 F.3d at 327.

*Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001). That is the case here, and for this reason, Shepherd has procedurally defaulted as to his sentencing claim.

As to the *Batson* claim, Shepherd makes the bare assertion that this claim has been fairly presented and that "[u]nder the totality of the circumstances it should be concluded that Shepherd's claim of a *Batson* violation in his habeas petition has been fairly presented to Indiana's courts via his attempt to get permission from the Indiana Court of Appeals to grant him permission to precede [sic] with the issue back in Rush Superior Court 3 by way of a P-CR petition" and that without relief in this court, he will suffer a fundamental miscarriage of justice.

Shepherd's fundamental miscarriage of justice argument is insufficient. In *Schlup v. Delo,* 513 U.S. 298, 327 (1995), the Supreme Court explained that to establish a "fundamental miscarriage of justice" a petitioner must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* (quoting *Murray v. Carrier,* 477 U.S. at 496). And, in order to establish a claim of actual innocence "he must convince the court that no reasonable juror would have found him guilty but for the error(s) allegedly committed by the state court." *Perruquet v. Briley,* 390 F.3d 505, 515 (7th Cir. 2004) (citing *Schlup*). Shepherd offers no evidence of his actual innocence here, and the court discerns no basis on which such an argument could be asserted.

### IV.  Conclusion

This court has carefully reviewed the state record in light of Shepherd's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. The deference due to state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's

decision conflicts with [Supreme Court] precedents." *Harrington v. Richter,* 131 S. Ct. 770, 786 (2011). Shepherd's habeas petition does not present such a situation. Additionally, Shepherd's request for an evidentiary hearing is denied because such a proceeding is only necessary when a more extensive factual record must be compiled to decide an issue. *See Newell v. Hanks,* 283 F.3d 827, 838 (7th Cir. 2002). That is not the case here. His request for counsel in his reply brief is likewise dismissed.

Shepherd's petition for a writ of habeas corpus [1] is therefore **denied.** Judgment consistent with this Entry shall now issue.

## V. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Shepherd has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 05/13/2013

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

MICHAEL J. SHEPHERD
153795
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064